UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Petitioner,

        v.                          CAUSE NO. 3:21-CV-754-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision at the Miami Correctional Facility on July 7, 2021, in which a disciplinary hearing officer found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a disciplinary hearing, Mr. Taylor was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. The court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4.

Mr. Taylor argues that he is entitled to habeas relief because the finding of guilt was a product of retaliation for filing grievances and lawsuits against correctional staff. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974)." Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a

disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." Lee v. Berge, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

Mr. Taylor argues that he is entitled to habeas relief because he was removed the dormitory, pepper sprayed, and denied recreational privileges for sixteen days. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009). Because these claims don't relate to the fact or duration of his sentence, the court cannot grant him habeas relief based on these claims.

Because Mr. Taylor has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Taylor wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Ezekiel I. Taylor leave to proceed in forma pauperis on appeal.

SO ORDERED on October 13, 2021

                                        s/ Robert L. Miller, Jr.
                                        JUDGE
                                        UNITED STATES DISTRICT COURT